IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| TUAH VANG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CAB ASSET MANAGEMENT, LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, TUAH VANG, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, CAB ASSET MANAGEMENT, LLC, Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. TUAH VANG, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Sheboygan, County of Sheboygan, State of Wisconsin.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Advance America (hereinafter "Advance").

1

6. The debt that Plaintiff allegedly owed Advance was for a payday loan, the funds of which were used for the personal use of Plaintiff and/or used for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. CAB ASSET MANAGEMENT, LLC, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Wisconsin. Defendant is registered as a limited liability company in the State of Maryland.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV.  ALLEGATIONS

14. On or about September 23, 2010, Ms. Liz Love, Defendant's duly authorized representative, initiated a telephone call to Plaintiff and left Plaintiff a voicemail message.

15. During the course of the aforesaid voicemail message Defendant stated that it was calling regarding a very important matter sent to Defendant's office relative to Plaintiff's social security number.

16. Defendant further stated that Plaintiff had to call Defendant so that Defendant could make a final decision on Plaintiff's matter.

17. At no time during the course of the aforementioned voicemail message did Ms. Love provide information relative to Defendant's identity.

18. During the course of the aforementioned voicemail message, Defendant failed to advise Plaintiff that it was a debt collector, that it was attempting to collect a debt, and that any information obtained would be used for that purpose.

19. The aforementioned statements, in conjunction with Defendant's failure to apprise Plaintiff that it was a debt collector, had the effect of conveying to an unsophisticated consumer that Ms. Love was an attorney.

20. Upon information and belief, Ms. Love is not an attorney.

21. At no time during the course of the aforementioned voicemail message did Ms. Love apprise Plaintiff that she was not an attorney.

22. On or about September 24, 2010, Plaintiff initiated a telephone call to Defendant and engaged in a telephone conversation with Miss. Osland Brown, Defendant's duly authorized representative.

23. During the course of the aforementioned telephone conversation, Defendant failed to advise Plaintiff that it was a debt collector, that it was attempting to collect a debt, and that any information obtained would be used for that purpose.

24. On or about September 29, 2010, Plaintiff initiated a telephone call to Defendant and engaged in another telephone conversation with Miss. Brown.

25. Defendant informed Plaintiff that she owed a debt relative to a payday loan that Plaintiff obtained from Advance.

26. Defendant further informed Plaintiff that she owed interest and penalties in relation to the aforesaid loan.

27. Defendant then attempted to reach a settlement with Plaintiff in relation to the debt she allegedly owed.

28. During the aforesaid time period, Plaintiff had been making payments on the aforesaid alleged debt directly to Advance.

29. On or about September 29, 2010, Plaintiff contacted Advance to determine if Advance had sold and/or transferred the debt she allegedly owed to Defendant.

30. On or about September 29, 2010, Advance informed Plaintiff that it had not sold and/or transferred the debt Plaintiff allegedly owed.

31. Upon information and belief, during the aforesaid time period, Defendant had no legal power and/or authority to attempt to collect the debt allegedly owed by Plaintiff to Advance.

32. Defendant, by attempting to collect the aforesaid debt from Plaintiff, misrepresented the character and/or nature of the debt on which it was attempting to collect given that, upon information and belief, Defendant had never acquired, purchased and/or otherwise obtained the aforesaid debt from Advance.

33. On or about October 6, 2010 and on or about October 25, 2010, Plaintiff's counsel sent correspondence to Defendant notifying Defendant that it represented Plaintiff with respect to the debt on which Defendant was attempting to collect.

34. Upon information and belief Defendant received the aforementioned letters.

35. Despite being advised, that Plaintiff was represented by an attorney, on or about October 26, 2010, Defendant contacted Plaintiff in a further attempt to collect the debt she allegedly owed.

36. At no time has Plaintiff's counsel failed to respond to a communication from Defendant.

37. Plaintiff's counsel did not consent to Defendant having direct communication with Plaintiff.

38. In its attempts to collect the debt allegedly owed by Plaintiff to Advance, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Communicated with the consumer after the debt collector knew the consumer was represented by an attorney with regards to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address and said attorney did not fail to respond within a reasonable period of time to communications from the debt collector, in violation of 15 U.S.C. §1692b(6);

   b. Communicated with the consumer despite knowing that the consumer was represented by an attorney with respect to the debt allegedly owed by Plaintiff and said attorney had not consented for Defendant to have direct communication with Plaintiff in violation of 15 U.S.C. §1692c(a)(2);

   c. Placed a telephone call to a consumer without meaningful disclosure of the caller's identity in violation of 15 U.S.C. §1692d(6);

   d. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   e. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

f. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

g. Failed to disclose in communications that said communication was from a debt collector and that any information obtained during the communication will be used for the purpose of collecting a debt in violation of 15 U.S.C. §1692e(11);

h. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f; and,

i. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

39. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

40. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, TUAH VANG, by and through her attorneys, respectfully prays for judgment as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

    Respectfully submitted,
    **TUAH VANG**

    By:    s/ David M. Marco
         Attorney for Plaintiff

Dated: December 14, 2010

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone: (312) 222-9028 (x812)
Facsimile: (888) 418-1277
E-Mail: dmarco@smithlaw.us